IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Rachel Lynn Cannady, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:19-cv-00609-HFS |
| Hy-Vee, Inc., | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO REMAND
WITH SUPPORTING SUGGESTIONS**

COMES NOW Plaintiff, by and through her attorneys, and moves this Court for an Order remanding this matter to the Circuit Court of Jackson County, Missouri. Defendant has failed to show that the amount in controversy exceeds $75,000.

**I.    STANDARD APPLICABLE TO MOTION TO REMAND**

"Federal courts are courts of limited jurisdiction." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). The federal diversity statute, 28 USC § 1332(a), provides for federal jurisdiction when the amount in controversy is more than $75,000 and the parties are diverse. *Onepoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). *See also Snelling v. HSBC Card Services, Inc.*, 2015 WL 457949 *3 (W.D. Mo., Feb. 3, 2015). Legislation permitting removal are to be strictly construed and "**all doubts** about federal jurisdiction are to construed in favor of remand." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965 (8th Cir. 2007) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)) (emphasis added). *See also Snelling,* 2015

WL 457949 *3. As the party asserting jurisdiction, Defendant has the burden of "proving by a preponderance of the evidence" that the amount in controversy exceeds $75,000. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011). *See also Prather v. Kindred Hospital*, 2014 WL 7238089 *2 (W.D. Mo., Dec. 17, 2014).

II. **DEFENDANT HAS NOT ESTABLISHED, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

Plaintiffs' Petition does not set forth a specific amount of damages sought. "Missouri does not permit the plaintiff to demand a specific sum." *Pegues v. Durhan D&M LLC*, 2014 WL 3361815 *2 (W.D. Mo. July 09, 2014). When a petition does not allege a specific amount of damages, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Kopp v. Kopp,* 280 F.3d 883, 884 (8th Cir. 2002) (*cited with approval in Hicock v. Casino One Corp.*, 2014 WL 294426 * 3 (E.D. Mo., Jan. 27, 2014)). The amount in controversy requirement is strictly construed. *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir. 2002).

"In order to meet its burden of demonstrating that the amount-in-controversy requisite has been met, the removing party must present specific facts or evidence; speculation and belief that a plaintiff's damages exceed $75,000.00 is insufficient to meet this burden." *Gebert v. United Rentals (North America), Inc.*, 2005 WL 2789332 (E.D. Mo., Oct. 26, 2005) (citing *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). *See also Pleasant v. Noble Finance Corp.*, 2014 WL 5107029 *3 (W.D. Mo., Oct. 10, 2014) (Defendant must present **specific** facts or evidence in support of its claim that the amount in controversy exceeds $75,000) and *Hicock*, 2014 WL 294426 * 3 (The removing party must "present 'some specific facts or evidence demonstrating that the jurisdictional amount has been met'.") (quoting *Blake v. Career Educ. Corp.,* 2008 WL 4151795 at *2 (E.D. Mo., Sept. 4, 2008)).

Defendant offers no specific facts or evidence in support of its assertion that the amount in controversy exceeds $75,000. Defendant offers only its speculation as to what Plaintiff's "potential back pay" would be and that other courts have awarded front pay of ten years (Notice of Removal, ¶¶ 19-20, 23). In *Walz v. FedEx Office and Print Services, Inc.,* the plaintiff filed a petition for damages in Cole County, Missouri in which he alleged the defendant violated the MHRA. No. 2:12-CV-04188-NKL (W.D. Mo., Nov. 02, 2012). The defendant removed the matter to the Western District based on diversity of citizenship. The parties did not dispute that the parties were from different states, but disputed the amount in controversy. The Court remanded the matter back to the circuit court because the defendant did not prove the amount in controversy exceeded $75,000. In *Walz*, despite evidence the plaintiff had lost almost $37,000 in back pay and benefits as of the time of the removal, the Court still remanded the matter for lack of evidence that the jurisdictional amount had been met. *Id.* at 3. In the case *sub judice*, Defendant claims Ms. Cannaday's "potential back pay damages are approximately $35,000" (Notice of Removal, ¶ 19). Like *Walz*, this is insufficient to meet Defendant's burden.

Defendant then claims punitive damages "can be as high as" $500,000 (Notice of Removal, ¶ 20). The Court in *Walz* found the defendant's claim that, simply because punitive damages are sought, the amount in controversy must exceed $75,000. *Id.* The mere fact that punitive damages are available

> does not relieve the defendant as the removing party, of its burden to establish the propriety of removal jurisdiction nor necessarily establish that it is more likely than not the case that the amount in controversy will exceed [the jurisdictional minimum]. . . . Thus, when a party challenges the amount in controversy, the district court errs by looking only at the *allegation* of punitive or exemplary damages as sufficing to establish the requisite amount in controversy.

*Id.* at *6 (internal quotations omitted).

Defendant's arguments that attorneys' fees should also be considered and its citation to cases in which verdicts exceeded $75,000 are also unavailing because they are devoid of specific facts and offer nothing more than speculation. (Notice of Removal, ¶¶ 22, 23). In *Turner v. Burger King Corp.,* when remanding the case to state court, the Court sternly admonished defendant, holding:

> **the burden lies squarely with defendant to prove removal is proper notwithstanding the specific allegations of the complaint. Simply put, defendant was required to come to this Court armed with some measure of evidence that the amount in controversy exceeds $75,000—rote speculation and guesswork is insufficient to carry that burden. . . . Having failed to do so, this matter is hereby remanded back to state court**.

Case No. 1:19-cv-00006-SNLJ, *3 (E.D. Mo. March 05, 2019) (emphasis added).

In *Hill v. Ford Motor Co.*, a case which alleged a violation of the Missouri Human Rights Act ("MHRA") the defendant unsuccessfully attempted to support its assertion that the jurisdictional amount was met with nothing more than its unsupported allegation that the MHRA does not limit the amount of damages and that, "given the seriousness of Plaintiff's allegations and the nature of the relief sought (including, among other things damages for emotional distress, lost wages, front pay, back pay, and lost employment benefits)," the amount in controversy satisfied the jurisdictional minimum. 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). The Court rejected the defendant's assertion and refused to presume the damages exceeded $75,000.

> [asking the Court to presume the case involved] damages exceeding $75,000.00 without offering one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court). Speculation and belief that plaintiff's damages exceed $75,000.00 are

> insufficient to meet the defendant's burden of proof under both the 'preponderance of evidence standard'."

*Id.* Similarly, Defendant herein does not offer "one shred of evidence regarding potential damages." Instead, Defendant asks this Court to ignore Defendant's burden and accept rank speculation.

Defendant failed to adduce a single shred of evidence to support its argument regarding the amount of damages. As in *Walz*, *Hill*, and *Turner,* mere speculation about the potential damages is insufficient to meet Defendant's burden of proof.

### III. CONCLUSION

As the proponent of federal jurisdiction, Defendant has the burden of establishing, by a preponderance of the evidence, this Court's jurisdiction. Defendant must (but does not) offer specific facts and evidence in support of its claim that the amount in controversy exceeds $75,000. Instead of meeting this burden, Defendant only offers its argument as to what "potential" back pay awards might be – an argument specifically rejected by federal courts. Defendant then cites other verdicts in MHRA cases but does not identify how this case is similar to those cases. Defendant's speculation about attorneys' fees and the availability of punitive damages are similarly devoid of **specific facts** which is required to meet its burden of establishing the jurisdictional minimum.

This Court must decline jurisdiction where, as here, Defendant has not proven this Court has jurisdiction. "Conclusory assertions and conjecture" falls far short of its burden to show, by a preponderance of the evidence, this Court's jurisdiction. In light of Defendant's failure to present specific facts or evidence that the amount in controversy exceeds the jurisdictional amount, and

considering that any doubt with respect to the amount in controversy is resolved in favor remand, remand is appropriate.

    WHEREFORE, Plaintiff prays for an Order of this Court remanding this action to the Circuit Court of Jackson County, Missouri and for and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

LUNCEFORD LAW FIRM, LLC

by: **/s/ David A. Lunceford**
David A. Lunceford, MO #47014
201 Southeast 1st Street
Lee's Summit, Missouri 64063
Telephone: (816) 525-4701
Facsimile: (816) 347-0366
Email: LLF.DLunceford@gmail.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 03rd day of September 2019 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

    /s/ David A. Lunceford
    Attorney for Plaintiff