# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| RACHEL LYNN CANNADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00609 |
| | ) | |
| HY-VEE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## HY-VEE'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

In her Petition, Plaintiff claims that when she worked for Defendant, Hy-Vee, Inc. ("Hy-Vee), her supervisor sexually harassed to the point that she was forced to quit. Doc. 1-2 at ¶ 39. She further claims that she reported the alleged harassment to the Store Director and shortly thereafter her supervisor told other employees that Plaintiff was a "bitch" and that he was tired of seeing her face. Doc. 1-2 at ¶¶ 25-26. She also claims that she reported the sexual harassment to the store's HR Manager multiple times, and the HR Manager told Plaintiff there was nothing the HR Manager could do. Doc. 1-2 at ¶¶ 28-29.

Plaintiff further claims that her supervisor made sexual comments about minors and that 14 women quit or transferred out of the department due to her supervisor's "sexually harassing conduct." Doc. 1-2 at ¶ 32. Plaintiff claims her supervisor commented on the bodies of customers "virtually daily," and "often commented on his sexual relationship with his wife." Doc. 1-2 at ¶¶ 37-38. On pages 5 and 6 of her Petition, Plaintiff includes a list of allegations about her supervisor's inappropriate behavior.

Plaintiff alleges that, as a result of this behavior, she suffered past and future lost wages and benefits, a detrimental job record, career damage and diminished career potential, and

emotional distress "in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep." Doc. 1-2 at ¶¶ 50, 72. Plaintiff further alleges that Hy-Vee's conduct "was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages." Doc. 1-2 at ¶¶ 51, 73.

Plaintiff has, therefore requested:

> Actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination and/or front pay."

Doc. 1-2 at "WHEREFORE" clause after ¶¶ 51, 74.

Plaintiff next claims that Hy-Vee retaliated against her when she complained about the sexual harassment and makes the same allegations of evil motive, and seeks the same categories of damages. Doc. 1-2 at ¶¶ 58, 59, and "WHEREFORE" clause after ¶ 59.

As described in Hy-Vee's Notice of Removal, in numerous recent cases with similar allegations, juries have repeatedly awarded far more than $75,000, and those verdicts have been affirmed on appeal. As discussed more fully below, the question is not whether Plaintiff *will* recover more than $75,000. The question is whether the amount *in controversy* exceeds $75,000. In other words, to justify remand, the Court would have to conclude that no jury could legally award more than $75,000. Given the allegations in Plaintiff's Petition and the history of verdicts, as Hy-Vee previously outlined, it is difficult to conceive that Plaintiff can make this argument with a straight face.

2

## I.    LEGAL STANDARD

As the United States Supreme Court recently explained, when removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Further, "the Court must keep in mind that Defendant's burden is a pleading requirement and not a demand for proof." *Pegues v. Durhan D&M, LLC*, No. 14-0041, 2014 U.S. Dist. LEXIS 92858, at *4 (W.D. Mo. July 9, 2014).

Although the burden of establishing the requisite jurisdictional amount rests on the removing defendant, the defendant must merely show by a preponderance of the evidence that "the claims originally asserted by [the plaintiff] ***could, that is might***, legally satisfy the amount in controversy requirement." *James Neff Kemper Family Farm Partnership v. IBP, Inc.*, 393 F. 3d 828, 831 (8th Cir. 2005) (emphasis added); *see also Walz v. FedEx Office & Print Servs.*, No. 2:12-CV-04188, 2012 U.S. Dist. LEXIS 157437, at *3 (W.D. Mo. Nov. 2, 2012) (stating "this is a relatively permissible standard" that only requires the removing party provide "some facts or evidence demonstrating that the jurisdictional amount has been met").  "Even if it is highly improbable that the Plaintiff[] will recover the amounts Defendant[ ] [has] put into controversy, this does not meet the legally impossible standard.  Put another way, the question is whether [Plaintiff] *might* recover more than $75,000, not whether [s]he really will." *Pegues*, 2014 U.S. Dist. LEXIS 92858, at *5-6 (emphasis in original).

As Judge Gaitan recently noted, "remand is only appropriate if the plaintiff can establish ***to a legal certainty*** that the claim is for less than the requisite amount." *Ereth v. GMRI, Inc.*, No. 17-0694, 2017 WL 6316645, at *2 (W.D. Mo. Dec. 11, 2017) (quoting *Hargis v. Access*

3

*Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2009)) (emphasis added). A plaintiff fails to meet the "legal certainty" requirement "if even a possibility exists of recovering more than the statutory minimum." *Id.*

## II.    ARGUMENT

Based on Plaintiff's allegations and recent verdicts in similar cases, Hy-Vee has plainly met the amount in controversy requirement (the sole basis for remand). The cases Plaintiff cites do not change this conclusion. Indeed, most of the courts in those cases denied motions to remand in cases that involve claims much less prone to large verdicts. For example, *Snelling v. HSBC Card Servs, Inc.*, 2015 WL 457949 (W.D. Mo. Feb. 3, 2015) involved a claim related to the purchase of an ink jet printer. In analyzing the amount in controversy requirement, the *Snelling* court noted that the only way the amount in controversy is not met is "if no factfinder could legally award it." *Id*. at *4. Surely, Plaintiff does not mean to suggest that no factfinder could legally award her more than $75,000 considering lost wages, lost benefits, emotional distress, punitive damages, expert witness fees, and attorneys' fees.

Similarly, *Hickock v. Casino One Corp.*, 2014 WL 294426 (E. D. Mo. Jan. 27, 2014) involved an allegation that the defendant violated the service letter statute. That statute permits the recovery of nominal damages and punitive damages (but not emotional distress, lost wages, lost benefits, or attorneys' fees). Nonetheless, the court denied the motion to remand because a jury *could* legally award more than $75,000. Indeed, the defendant in that case (like Hy-Vee here) had cited cases where a jury had done so. *Turner v. Burger King Corp.* involved a single claim of negligence where the defendant readily admitted that it had no indication as to the amount at issue. No. 1:19-cv-00006, 2019 U.S. Dist. LEXIS 35405 (E.D. Mo. Mar. 5, 2019).

Additionally, courts in this district have repeatedly denied motions to remand in circumstances similar to this case. For example, *Walker v. Lanoga Corp.*, No. 06-0148-CV-W-FJG, 2006 U.S. Dist. LEXIS 38164 (W.D. Mo. June 9, 2006) involved claims for race discrimination and retaliation under the Missouri Human Rights Act ("MHRA"). The court denied plaintiff's motion to remand finding that the defendants demonstrated in their notice of removal that the amount in controversy exceeds $75,000. Specifically, in its analysis, the court considered plaintiff's back pay of $37,000 per year, which "alone amounts to approximately half the jurisdictional amount," coupled with damages for "loss of self esteem, loss of enjoyment of life, humiliation, emotional pain, suffering, and mental anguish" and punitive damages under the MHRA. *Id.* at *2, *7-8.

Likewise, *Jarrett v. Henkle Corp.*, No. 4:15-cv-0832-DGK, 2016 U.S. LEXIS (W.D. Mo. Feb. 2, 2016) involved a claim for sexual harassment under the MHRA. The court denied plaintiff's motion to remand even though the plaintiff worked for the defendant-employer for only one day and did not seek punitive damages. In so doing, the court held that plaintiff's back pay and front away could "easily exceed $40,000" and attorneys' fees through trial "would probably not be less than $40,000." *Id.* at *3-4.

In the cases cited by Plaintiff where the motions to remand were granted, the defendants had not provided the courts with information that established the amount in controversy. *See, e.g.*, *Prather v. Kindred Hosp.*, 2014 WL 7238089 (W.D. Mo. Dec. 17, 2014) (noting that the defendant did not proffer analogous cases or a hypothetical itemization of damages); *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) (noting that the defendant proffered nothing beyond

stating there were not limits on damages and outlining the categories);[1] *Walz v. FedEx Office and Print Services, Inc.*, No. 2:12-CV-04188-NKL (W.D. Mo., Nov 02, 2012) (noting the defendant did not provide sufficient information where the plaintiff submitted an affidavit related to his mitigation).

In this case, Plaintiff cannot credibly claim that Hy-Vee's Notice of Removal is deficient. Hy-Vee exceeded the requirements laid out by the United States Supreme Court in *Dart*, for establishing the amount in controversy. Specifically, Hy-Vee established in its Notice of Removal that the Missouri Court of Appeals has affirmed multiple jury verdicts of more than $1 million in a case with claims identical to those asserted here. Similarly, Hy-Vee established that attorneys' fees awards in MHRA cases regularly exceed the $75,000 amount in controversy on their own. Indeed, Hy-Vee doubts Plaintiff could locate a case in the last decade where the fees did not exceed $75,000. In short, the question of whether Hy-Vee has established that Plaintiff's recovery "could, that is might, legally satisfy the amount in controversy requirement," is not a close call. *See IBP, Inc.*, 393 F.3d at 831.

## III.    CONCLUSION

If Plaintiff genuinely seeks to recover less than $75,000, she could have presented evidence to that effect. She has not done so, and Hy-Vee has established that the amount *in controversy* in this case exceeds $75,000. Accordingly, Plaintiff's motion to remand should be denied.

---

[1] Moreover, *Hill* was decided shortly after the Missouri Supreme Court ruled that jury trials were required under the Missouri Human Rights Act. As such, the defendant in that case did not have the ability to include reference to large jury verdicts in similar cases, as Defendant has done here.

Respectfully submitted,

/s/ Jeannie M. DeVeney
Jeannie M. DeVeney, MO #46885
Jennifer A. Schorgl, MO #71159
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com
jschorgl@littler.com

ATTORNEYS FOR DEFENDANT
HY-VEE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2019, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which sent notice to the following counsel of record:

David A. Lunceford
Peter Gardner
LUNCEFORD LAW FIRM, LLC
201 S.E. First Street
Lee's Summit, MO 64063
LLF.DLunceford@gmail.com
LLF.Petergardner@gmail.com

ATTORNEYS FOR PLAINTIFF

/s/ Jeannie M. DeVeney
ATTORNEY FOR DEFENDANT

7